FORT WORTH & D. S. P. RY. CO. v. ALEX-
ANDER.

No. 3821.

Court of Civil Appeals of Texas. Amarillo.

May 11, 1932.

Rehearing Denied July 6, 1932.

Chas. H. Dean, of Dimmitt, and Joiner & Cook, of Plainview, for appellant.

W. H. Russell, of Hereford, for appellee.

HALL, C. J.

The appellant railway company constructed its line of railway through the appellee's section of land, cutting off one corner thereof, and, while the road and a wye were being constructed across and upon the appellee's land, damages resulted to him and he filed this suit, alleging his ownership of the 480 acres of land in 1927; that during the fall of said year he planted 250 acres thereof in wheat; that he had a sufficient and substantial fence surrounding his premises, but when the defendant railway company commenced the construction of its line of railway through his land during the fall, it tore down the fence on the south and west lines and failed to construct suitable cattle guards or other barriers at the points of entrance and exit of his field, and failed to keep them in good repair as required by R. S. art. 6400; that plaintiff's premises were left open to such an extent that all classes of live stock entered his premises and damaged his wheat, rendering it unfit for harvesting; that the grass growing on his premises was damaged and destroyed; that in cutting the gaps where the bed of the railway was constructed through each line of fence, each line of fence was injured in that the wires became slack to such an extent that stock could enter at almost any point; that the owners of the stock which trespassed upon his premises in driving them out could and did remove them at the most convenient points; that but for the negligence of the defendant railway company, plaintiff could and would have made a wheat crop and could and would have pastured stock throughout the fall months of 1927 and the first six months of 1928, all of which he was unable to do on account of the trespass and negligence of the defendant. He claims damages in the sum of $2,000.

By its answer the railway company set up several defenses, but, in failing to have the issues raised thereby submitted to the jury, they were waived.

In response to special issues submitted, the jury found: (1) That the defendant failed to construct and maintain suitable cattle guards or barriers at the points of entering the plaintiff's premises sufficient to prevent the entrance of ordinary stock; (2) that cattle, horses, and mules entered plaintiff's premises by reason of defendant's failure to construct and maintain cattle guards, etc.; (3) that such live stock entering plaintiff's premises at the points where defendant failed to maintain the cattle guards resulted in damages to plaintiff's wheat and grass; and (4) that the damages amounted to $850.

█ The first contention is that the court erred in refusing to submit defendant's requested special issue No. 3 inquiring at what time the plaintiff determined that his wheat crop would not make sufficient crop to justify harvesting, and at what time the plaintiff would have entered his stock for pasturing.

This issue is duplicitous, and, as we understand the record, is immaterial, but the statement of facts shows that the plaintiff testified that it was along in June when he decided that the wheat would not make a crop.

By the second proposition appellant insists that the court erred in refusing to submit defendant's requested special issue No. 1; and by proposition No. 3 it is insisted that the court erred in refusing to submit defendant's requested special issue No. 2.

Requested special issue No. 1 inquired whether stock entered plaintiff's premises at points other than those over the defendant's right of way, and by No. 2 the jury was asked what proportion of damage to plaintiff's crop, if any, was caused by stock entering at other places than over defendant's right of way.

The evidence shows that, from the time the defendant railway company first cut the fence, plaintiff was continually endeavoring to repair it in order to keep cattle from depredating upon his premises. He further testified that when the fences were cut to open a space about 125 feet, it resulted in causing the wires to become loose and slack and sag for a considerable distance on each side of the right of way. There is testimony going to show that stock entered at other points. The presumption is that they damaged the wheat, but since it was the trespass of the defendant in causing the fence to sag, it becomes an immaterial inquiry as to what proportion of damage was caused to plaintiff's crop by live stock entering his premises at places other than over the defendant's right of way. If cutting the openings in each of the two fences constituted a trespass, and if failure to maintain fences, cattle guards, and barriers was a violation of the statutory duty resting upon the defendant, then it is liable for reasonable damages, and, in order to recover, plaintiff was not required to show by his evidence what proportion of his damages resulted from the depredations of stock entering over the right of way or elsewhere. Under the issues made by the pleadings, and under the evidence of Alexander and other witnesses, these issues were immaterial.

The fourth proposition is that the court erred in refusing to submit defendant's requested special charge No. 2, asking the jury to find that after the plaintiff determined the wheat crop would not pay to cut, what number of cattle, if any, would he have pastured, and for what length of time, and was he prevented from so doing by the reason of any act on the part of the defendant in failing to erect or maintain cattle guards or other barriers.

This is not a charge, but a special issue. In fact, several special issues in one; and, because it is multifarious, it cannot be considered. R. S. art. 2189 provides that each issue shall be submitted distinctly and separately.

The court did not err in refusing to submit defendant's requested special charge No. 1, which would have instructed the jury not to consider for any purposes the plaintiff's claim for damages to his wheat by reason of stock entering on his premises prior to May, 1928; first, for the reason that in cases submitted upon special issues a general charge is improper, and for the further reason the charge assumed as a fact a matter which was controverted, and concerning which the evidence raised a question for the jury.

Assignment No. 6 is not supported by the record. There is evidence from which the jury could have concluded that at least some of the damages resulted from the depredations of live stock entering the premises upon plaintiff's right of way.

We find no error in the record, and the judgment is affirmed.